February 26, 2007

<u>LETTER-OPINION AND ORDER</u>
<u>ORIGINAL FILED WITH CLERK OF THE COURT</u>

Leo V. Leyva
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602

David S. Sager
Paul R. Marino
Day Pitney, LLP
P.O. Box 1945
Morristown, New Jersey 07962

    Re: <u>Industrias Desafio, Inc. and Industrias</u>
       <u>Desafino, SA de CV, v Ecko Complex, LLC</u>
       <u>and Sweat Equity Laboratories, LLC</u>
       Civil Action No.: 04-5265 (PGS)

Dear Counsel:

## INTRODUCTION

This matter comes before me on the motion of plaintiffs for leave to file a Second Amended Complaint pursuant to Rule 15(a). I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## BACKGROUND

This motion arises out of the breach of contract claims of plaintiffs, Industrias Defasio, Inc. and Industrias Desafio, SA de CV ("Plaintiffs"), against defendants Ecko Complex, LLC, and Sweaty Equity Laboratories, LLC ("Defendants"), involving the purchase of equipment for the purposes of producing certain goods.

Plaintiffs allege that they entered into an Equipment Purchase Agreement to purchase Defendant's silk screening equipment as well as a related Preferred Supplier Agreement ("the Agreement"), to supply Defendants with a major portion of their garment requirements. Plaintiffs further allege that Defendants failed to pay for garments produced by Plaintiffs and ordered by Defendants under the Agreement and that Defendants failed to purchase its garment requirements from Plaintiffs as outlined in the Agreement. Additionally, Plaintiffs allege that Defendants intentionally breached and never intended to comply with the Agreement.

## DISCUSSION

Pursuant to Rule 15(a), of the FRCP, leave to amend a complaint should be freely granted "when justice so requires." However, granting leave to amend is limited by the following five factors: 1) substantial or undue prejudice; 2) bad faith or dilatory motives; 3) undue or unexplained delay; 4) repeated failure to cure deficiency by amendments previously allowed; and/or 5) futility of amendment. E.g. Foman v. Davis, 371 U.S. 178, 182 (1962); Heyl & Patterson International, Inc.v. F.D. Rich Housing, Inc., 663 F.2d 419, 425 (3d Cir. 1981).

*A. Undue Prejudice*

If the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendments present only a new issue of law. Harrison v. Dribeck, 133 F.R.D. 463, 469-70 (D.N.J. 1990). Substantial or undue prejudice to the non moving party is sufficient ground for denying a motion to amend. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have

expired." Harrison, 133 F.R.D. at 469-70.

*B. Undue Delay*

The liberal policy of freely permitting amendments must be tempered by the purposes of case management and the scheduling orders which "are at the heart of case management." Harrison, 133 F.R.D. at 469 (citations omitted). "In the absence of any apparent or declared reason such as undue delay…the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182.

*C. Futility of Amendment*

Futility is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Harrison, 133 F.R.D. at 468. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Lorenz, 1 F.3d at 1413. Futility is analyzed using the motion to dismiss standard. Massarky v. General Motors Corp., 706 F.2d 111, 124 (3d Cir. 1983), cert. denied, 464 U.S. 937 (1983).

*** 

Plaintiffs seek to amend the Complaint for a second time. Plaintiffs here seek to assert an additional claim of $400,000.00 in receivables against Defendants. Plaintiffs further allege collusion between Defendants and Suntrust Bank, a creditor of Plaintiffs, regarding the settlement Plaintiffs reached with Suntrust and which Suntrust then assigned to Defendants in a subsequent settlement. (Proposed Second Amended Complaint ¶¶ 73-77). Under Rule 15(a), I am required to regard Plaintiffs' allegations as true and draw all inferences in favor of Plaintiffs. However, I find that the amendment should be denied.

This action is not in its preliminary stages: the original Complaint was filed on October 26, 2004. The Complaint has already been amended. Plaintiffs received numerous extensions regarding discovery deadlines and pleadings. An Order was issued closing discovery in this matter on December 26, 2006. Further, Plaintiff alleges new claims but fails to justify why these were not pled sooner. For example, nothing in Plaintiffs present submissions suggest that the new claim of $400,000.00 only recently became known. (Proposed Second Amended Complaint at ¶ 55). Moreover, Plaintiffs were ordered to claim any accounts receivable, "not subject to the factoring agreement with Suntrust," (Order on Informal Application (Docket No. 29)), and failed to do so. Such accounts were within the knowledge of the parties at the time Plaintiffs filed the original Complaint, and Plaintiffs were granted leave to amend the Complaint up until January 6, 2006, and failed to plead the claims which Plaintiffs now seek to assert. Parties have conducted extensive discovery to investigate the claims alleged in the Complaint and the Amended Complaint.

Plaintiffs failed to adhere to the scheduling orders on a patently consistent basis. Further, Plaintiffs, either in bad faith or as a result of undue delay, failed to timely plead the allegations contained in the proposed Amended Complaint and such failure would unduly prejudice Defendants by reopening discovery to investigate these new claims.

In addition, there is no triable issue regarding the $3.8 million receivables claim Plaintiffs continues to assert. Plaintiffs attempt to add the receivables claim is precluded by the prior dismissal of these same claims. (Order on Informal Application (Docket No. 29)). Plaintiffs' failure to provide the Court with letters that identify invoices for accounts receivable that it contends are not subject to the factoring agreement with Suntrust, coupled with the above referenced dismissal in the consolidated proceeding, bar any subsequent attempts at recovery.

Plaintiffs cannot assert any new allegations contained in the proposed Amended Complaint regarding such receivables. The proposed amendment fails due to its futility.

Further, the claims alleging collusion between Defendants and Suntrust Bank are unnecessary to determine whether the proposed Amended Complaint should be allowed. The amendments sufficiently fail on other grounds.

Last, Defendants have requested attorney's fees for Plaintiffs' failure to obey a scheduling order. Pursuant to Rule 16(f), the standard for denying attorney's fees is that the "noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Plaintiffs' claims that fact discovery shed light on evidence which supported the causes of action already set forth in the Amended Complaint fail. However, Plaintiffs' claims satisfy the standard and make the award of attorney's fees unjust.

## CONCLUSION

For the reasons set forth above, the motion to amend is DENIED.

SO ORDERED.

S/ Ronald Hedges

United States Magistrate Judge

Cc: Hon.
    File